**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

DR. ABDULAZIZ AL MANA,                          :
                                                :
    Plaintiff,                              :
                                                :
        v.                          :     Case No.: _____
                                                :
AMERICAN AIRLINES, INC.,                        :
DOE1, DOES 2-100                                :
                                                :
    Defendants.                             :
                                                :

_____

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, DR. ABDULAZIZ AL MANA ("Dr. Al Mana"), by and through undersigned counsel hereby files his Complaint against AMERICAN AIRLINES, INC. ("AA"), DOE 1 ("DOE 1") and DOES 2-100 ("DOES 2-100"), and in support thereof states as follows:

**PARTIES**

1.      At all times relevant hereto, Plaintiff Dr. Al Mana, is a lawful resident of the State of Florida, via a J1 Exchange Visitor Non-Immigrant Visa, and is a physician at Jackson Memorial Hospital in Miami, FL.

2.      Plaintiff qualifies as a person protected under the Civil Rights Act of 1866, as amended and codified at 42 U.S.C. §1981;  and therefore qualifies for relief of attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988; and state claims under the laws of Florida including Negligence and Intentional Infliction of Emotional Distress.

3.     Defendant AA is an air carrier in the business of providing transportation to passengers, operating daily flights between major cities within Florida and across the country.

4.     AA is a business entity incorporated in Texas but subjects itself to the privileges and benefits under Florida law by operating regular flights within Florida and maintaining multiple places of business within the state, including the airport involved in the events giving rise to this action: Miami International Airport.

5.     Plaintiff is unaware of the true names and capacities of those defendants sued herein as DOE 1, inclusive, and therefore sues said defendants by such fictitious name. Plaintiff will amend this Complaint to allege the true name and capacity of said defendant when he/she has been ascertained, together with other charging allegations as may be appropriate.

6.     At all times relevant hereto, DOE 1 was an agent and employee of Defendant AA and was acting within the scope of his employment with Defendant AA.

7.     Upon information and belief, each defendant designated as a DOE 1 is responsible in some actionable manner for the incidents hereinafter referred to and for the injuries and damages proximately caused to Plaintiff, either through defendants' own negligent conduct, or by and through the conduct of its/his/her agents, servants or employees, or in some other manner which is yet to be known.

8.     Plaintiff is unaware of the true names and capacities of those defendants sued herein as DOES 2-100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when they have been ascertained, together with other charging allegations as may be appropriate.

9.     Upon information and belief, each defendant designated as a DOES 2-100 is responsible in some actionable manner for the incidents hereinafter referred to and for the injuries and damages proximately caused to Plaintiff.

## JURISDICTION AND VENUE

10.     This court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claims asserted herein arise out of civil rights violations arising under the Civil Rights Act of 1866, as amended and codified at 42 U.S.C. §1981 and 42 U.S.C. 1988.

11.     Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the state law claims in this action because they form the same case and controversy as the federal claims and arise out of the same events: AA's discrimination against Plaintiff in removing him from his flight.

12.     Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because for the purposes of venue, at all relevant times hereto, Plaintiff resided in this district, and/or a substantial part of the events or omissions giving rise to this claim occurred in this district, and/or Defendants hold place of business in this district.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

13.     On or about June 6, 2019, Dr. Al Mana was a ticketed passenger aboard AA Flight A293 from Miami, FL to Washington, D.C.

14.     As plane was in the process of taxing to the runway for takeoff, a passenger(s) (DOES 2-100) handed a note to one of the vessel's flight attendants.

15.     Shortly thereafter, the captain made an announcement that the plane was going to turn around and head back to the gate because of a passenger emergency.

16.     Once the plane arrived back at the gate, security personnel boarded and asked Dr. Al Mana to step off the plane without giving him a reason.

17.     As a result, Dr. Al Mana, was forcefully removed from Flight A293.

18.     After being escorted off the plane by security personnel, Dr. Al Mana was detained in the jet bridge until two law enforcement agents arrived to ask further questions - all the while Dr. Al Mana was not informed as to why he had been pulled off the plane.

19.     Dr. Al Mana, a resident physician at Jackson Memorial Hospital in Miami, Florida, not only maintained his composure but willingly complied with security personnel and the authorities that arrived at the scene by handing over his cellular phone so that it could presumably be searched.

20.     The plane was fully un-boarded and a canine was brought on the plane, presumably to conduct a "sniff test."

21.     After about one (1) hour of investigation and despite authorities and AA concluding that the complaining passenger's claim was baseless, Dr. Al Mana had his weekend plans interrupted and was unreasonably forced by AA personnel to take a flight five hours later despite the rest of the passengers - including his wrongful accuser(s) - getting to re-board and depart to Washington D.C.

22.     As a result of the incident, Dr. Al Mana was deprived his contractual right to fly based on his purchased ticket with AA, seriously inconvenienced, and forced to board a different flight at a later time.

23.     As a result of this intentional racial discrimination, denial of equal rights and benefits, exclusion, denial of freedom and equality, negligence, and intentional infliction of emotional distress, Plaintiff has suffered from trauma, stigmatization, severe mental and emotional distress, embarrassment, public humiliation, damage to his personal and professional reputation, anxiety, fear and apprehension associated with airports and flying; and immense pressure to look and act a certain way so as to camouflage his identity.

## <u>COUNT I – RACIAL DISCRIMINATION UNDER 42 U.S.C. 1981</u>

24.    Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as is fully set forth herein.

25.    Plaintiff is a member of a racial minority group; as a Saudi Arabian, he is a member of the Middle Eastern and Muslim communities.

26.    At all times relevant hereto, Plaintiff, despite his Middle Eastern and Muslim identities, had the same civil right to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, penalties, as white citizens, and to no other, pursuant to 42 U.S.C. § 1981.

27.    Stemming from this right, Plaintiff had the right to the performance, benefits, privileges, terms, and conditions of the contracts he entered into.

28.    As such, when Plaintiff contracted with AA, a commercial air carrier engaged in air transportation services for passage on Flight A293 from Miami to Washington D.C., as a paying passenger and contracting party, he had the right to be treated equally, and in a manner free from discrimination pursuant to 42 U.S.C. § 1981.

29.    Plaintiff had equal rights to the performance, benefits, privileges, terms, and conditions of the contract entered into with AA for travel on the commercial air carrier pursuant to 42 U.S.C. § 1981.

30.    Plaintiff's civil rights under 42 U.S.C. § 1981 were violated when he was denied equal treatment in making and enforcing his contract with AA, and was not subject to the same punishments, pains, penalties, and exclusions as white citizens, and no other.

31.    Plaintiff was unable to enjoy the performance, benefits, privileges, terms, and conditions of the contract he entered into with AA because he was wrongfully removed from the flight.

32.     AA intentionally and purposefully discriminated against Plaintiff based on his race, by and through its employees and agents, when it wrongfully removed Plaintiff from his contracted-for flight on June 6, 2019 despite Plaintiff doing nothing wrong.

33.     Defendant DOE 1 was acting in the course of his employment as an AA agent employed by the Defendant at the time he/she approached Plaintiff and wrongfully removed him from the plane based on a passenger's unsubstantiated complaint.

34.     Defendant AA is liable for the actions of its agents and employees, including Defendant DOE 1 directly and vicariously under doctrine of *respondeat superior*.

35.     At no point did Plaintiff engage in any suspicious, loud, rowdy, unruly, inciteful, and/or inappropriate behavior and at all times relevant hereto, Plaintiff abided by all rules and regulations of aircrafts and airline security.

36.     No passenger or agent of AA actually observed any safety concerns or contentious communications with Plaintiff, let alone any altercations or reasons to cause concern, except for the fact that Plaintiff appeared to be Arabian, Middle Eastern and/or Muslim.

37.     Plaintiff was using his cellphone prior to take-off, like many other passengers were; however, they were not singled out, racially profiled, and penalized for speaking on their phones, nor were they removed from the plane, interrogated, and detained the way Plaintiff was.

38.     AA had no legitimate reason or justification to remove Plaintiff from the flight and to deny him of his contractual rights except for racial bias and discrimination, thereby making this discrimination intentional and purposeful.

39.     AA had a duty to uphold its contractual duties and obligations to Plaintiff and not act out of intentional, purposeful discrimination, but instead, it disregarded these duties and acted in an arbitrary and capricious manner in removing Plaintiff from the flight for no sound purpose.

40. Moreover, after having cleared such severe interrogations and searches, AA became aware that Plaintiff was actually not a threat; yet, the airline continued to deny Plaintiff the ability to re-board the flight.

41. Ultimately, because AA failed to uphold its contractual obligations and violated Plaintiff's rights under 42 U.S.C. §1981, Plaintiff was forced to book a separate flight, at a later time, to finally complete his travel.

42. As a direct and proximate result of this intentional racial discrimination, denial of equal rights and benefits, Plaintiff has suffered from stigmatization, mental and emotional distress, damage to his personal and professional reputation, fear and apprehension associated with airports and flying, and immense pressure to look and act a certain way so as to camouflage his identity.

43. Defendant AA's acts as described herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights, and as such, punitive damages are warranted against AA in order to punish and make an example of them.

## **COUNT II - NEGLIGENCE**

44. Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as is fully set forth herein.

45. AA is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers.

46. As a paying, ticketed, and seated passenger aboard AA Flight A293, AA owed the Plaintiff this heightened duty of care.

47. AA racially discriminated against Plaintiff and acted negligently, breaching its duty of care to Plaintiff in the following ways:

a.   failure to act reasonably in providing a safe travel environment free from hostility, racial discrimination, and Islamophobia;

b.   failure to act with the highest care and vigilance of a cautious person in providing a safe travel environment free from hostility, racial discrimination, and Islamophobia;

c.   failure to establish protocols and procedures regarding co-passenger complaints;

d.   failure to take reasonable care in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of co-passenger complaints;

e.   failure to act with the highest care and vigilance of a cautious person in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of co-passenger complaints;

f.   failure to honor contractual relationships;

g.   failure to treat Islamic and/or Muslim passengers the same way as Non-Arabian, Non-Middle-Eastern, Non-Islamic passengers;

h.   failure to reasonably avoid harm to passengers.

48.   Moreover, after having cleared such severe interrogations and searches, AA realized Plaintiff was actually not a threat; yet, the airline continued to deny Plaintiff the ability to re-board his flight to Washington D.C.

49.   This denial further perpetuates AA's lack of care and negligence in providing a safe environment, free from racial discrimination, because once being cleared, AA had absolutely no basis to deny Plaintiff travel; yet, it still refused to let him re-board his flight.

50.   Due to AA's negligence, Plaintiff was forced to book a separate flight, at a later time, to finally complete the travel he had purchased from AA.

51.     As a direct and proximate result of this intentional racial discrimination, denial of equal participation and enjoyment of benefits, Plaintiff has suffered from mental and emotional distress, embarrassment, public humiliation, damage to his personal and professional reputation, anxiety, fear and apprehension associated with airports and flying, and immense pressure to look and act a certain way so as to camouflage his identity.

52.     Defendant AA's acts as described herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights, and as such, punitive damages are warranted against AA in order to punish and make an example of them.


**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

53.     Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as is fully set forth herein.

54.     Defendants DOE 2-100 engaged in extreme and outrageous conduct when it intentionally, knowingly and maliciously handed a note to AA's flight crew, in an attempt to profile Dr. Al Mana based purely on his race.

55.     Defendant AA engaged in extreme and outrageous conduct when it, through its employees and agents, intentionally pulled Plaintiff from his flight for no valid reason and based purely on race, and on malicious and unsubstantiated suspicions from a fellow passenger, and subjected him to extensive questioning and searching.

56.     Defendant's wrongful removal was intentional and malicious, and done to frighten Plaintiff, to cause Plaintiff to suffer humiliation, shock, agony, fear, embarrassment, and anxiety and for no other valid reasons.

57.    AA is liable for the actions of its agents and employees, directly and vicariously through the doctrine *respondeat superior*.

58.    As a common carrier, AA owed Plaintiff an even higher standard of care, but instead, AA, by and through its agents and employees, acted intentionally in discriminating against Plaintiff and singling him out.

59.    As direct and proximate result of AA's intentional infliction of emotional distress, Plaintiff has suffered from long lasting shock; trauma; stigmatization; severe mental and emotional distress; embarrassment; public humiliation; damage to his personal and professional reputation; anxiety; insecurity; sleeplessness; fear and apprehension associated with airports and flying; and immense pressure to look and act a certain way so as to camouflage his identity.

60.    Defendants' acts as described herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights, and as such, punitive damages are warranted against AA in order to punish and make an example of them.

## COUNT IV - ATTORNEY FEES PURSUANT TO
## THE CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976 42 U.S.C. §1988

61.    Plaintiff hereby re-pleads, re-alleges, and incorporates all previous allegations of this Complaint, as is fully set forth herein.

62.    Should Dr. Al Mana prevail, he seeks attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ABDULAZIZ AL MANA prays for judgment against Defendants as follows:

1. Awarding Plaintiff compensatory damages in an amount to be determined at trial for the Plaintiff's loss and injury including but not limited to fear, anxiety, humiliation, stigmatization, trauma, embarrassment, and emotional distress;

2. Awarding Plaintiff punitive damages in an amount to be determined at trial that would punish Defendants for their intentional, malicious, willful, callous, wanton, and reckless disregard for Plaintiff's rights that would effectively deter Defendant from engaging in similar conduct in the future;

3. Awarding reasonable attorneys' fees and costs incurred in this action; and

4. Granting such other relief as this Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ABDULAZIZ AL MANA, demands trial by jury on all issues so triable as a matter of right.

Dated this 16th day of August 2019.

Respectfully submitted,

BY: /s/ OSCAR GOMEZ
    Oscar Gomez, Esq.
    Florida Bar No.: 58680

EPGD BUSINESS LAW
ATTORNEYS FOR PLAINTIFF
777 SW 37th Ave., Ste. 510
Miami, Florida 33135
T: (786) 837-6787
F: (305) 718-0687
oscar@epgdlaw.com